**Richard REITZER, Plaintiff,**

v.

**Richard KUH, Individually and as District Attorney of New York County, and Frank Rogers, Individually and as Special District Attorney in charge of prosecution of narcotic cases in the Special Narcotics Courts in New York County, Defendants.**

**No. 74 Civ. 4047.**

United States District Court,
S. D. New York.
Jan. 2, 1975.

Rubin, Gold & Geller, New York City, for plaintiff.

Frank Rogers, Special Narcotics Prosecutor, R. Michael Haynes, New York City, of counsel, for defendants.

## MEMORANDUM AND ORDER

OWEN, District Judge.

In May 1974, plaintiff Richard Reitzer allegedly sold a quantity of narcotic drugs in New York City to an undercover federal narcotics agent. Reitzer now moves this Court (1) to enjoin the State of New York from prosecuting him under a New York State indictment alleging the said sale, and (2) to convene a three-judge Court pursuant to 28 U.S.C.

§ 2284 to declare the New York State Penal Law under which he is charged unconstitutional. Reitzer is presently awaiting state trial.

Essentially, plaintiff contends that he should be prosecuted by the Federal authorities since he was arrested by federal agents and arraigned in Federal Court. Further he alleges that he was threatened by federal officials with prosecution by the New York State authorities * in order to coerce him to cooperate with the U.S. Attorney's Office, which would necessitate his relinquishing his Fifth Amendment right to remain silent. He alleges the threat was carried out when he refused to cooperate. The threats are denied in first-person affidavits.

It is well established that the federal courts will not enjoin a pending state criminal prosecution except under extraordinary circumstances where the danger of irreparable injury, is "both great and immediate." The threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single prosecution. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

I do not find on the record before me any evidence of such irreparable injury arising from, or bad faith in, the state prosecution. ** Plaintiff Reitzer does not, on these papers, dispute his sale of narcotics within the jurisdiction of the State of New York, prosecutable under the New York Penal Law.

The injunction and the request to convene a three-judge court are denied.

So ordered.

---

* The state penalty for plaintiff's alleged acts is markedly more severe than the federal penalty.

** Nor do I find bad faith in the actions of the federal or state officials connected with this matter. Federal prosecutors frequently defer to the state where both have jurisdiction. I further note that they have submitted affidavits, and plaintiff has not.